**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Peter Santos MURILLO, Defendant–**
**Appellant.**

**No. 07–30044.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Defendant–Appellant.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Peter Santos Murillo appeals from the district court's order denying his motion to suppress, following which he entered pleas of guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Murillo contends that the district court erred when it denied his motion to suppress because the challenged evidence was obtained during a warrantless search of his vehicle that did not occur incident to his arrest. The district court did not err because the officers had probable cause to search the vehicle. *See United States v. Ross*, 456 U.S. 798, 808–09, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

Murillo also contends that, even if the search was valid, the evidence should be suppressed because the search was overly invasive and went beyond the scope of a permissible search. Because the officers had probable cause to search the vehicle,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the district court did not err. *See id.* at 825.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.